IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEPHEN SCHLEIG,

           Plaintiff,

    v.

BOROUGH OF NAZARETH, THOMAS M.
TRACHTA, MAYOR FRED C. DAUGHTERY,
JR., MAYOR CARL R. STRYE, JR., DANIEL
JAMES TROXELL, RANDALL MILLER, PAUL
KOKOLUS, JR., LARRY STOUDT, FRANK
MAUREK, MICHAEL KOPACH, CYNTHIA
WERNER, CHARLES DONELLO, DANIEL
CHIAVAROLI, WILLIAM MATZ, BRIAN F.
REGN, JOHN N. SAMUS, LANCE E.
COLONDO, CHRISTIAN AUDENRIED, and
CARL FISCHL,

           Defendants.

CIVIL ACTION
NO. 15-4550

**MEMORANDUM OPINION**

**Schmehl, J.  /s/ JLS**                                       **August 9, 2016**

       Before the Court is the motion to dismiss of Defendants, Borough of Nazareth,

Thomas M. Trachta, Mayor Fred C. Daugherty, Jr., Mayor Carl R. Strye, Jr., Daniel

James Troxell, Randall Miller, Paul Kokolus, Jr., Larry Stoudt, Frank Maurek, Michael

Kopach, Cynthia Werner, Charles Donello, Daniel Chiavaroli, William Matz, Brian F.

Regn, John N. Samus, Lance E. Colonodo, Christian Audenried and Carl Fischl

("Defendants"). Plaintiff, Stephen Schleig ("Plaintiff") has opposed the motion, and

Defendants have filed a reply. Also pending before the Court is Plaintiff's Motion for

Leave to File a Second Amended Complaint, which is opposed by Defendants. Having

read the parties' briefing, I will grant Defendants' motion to dismiss in part and deny it in

part. Further, I will grant Plaintiff's Motion for Leave to File a Second Amended

Complaint in part and deny it in part.

## I.   __BACKGROUND__

Plaintiff filed this action against Defendants, and in response to Defendants'

Motion to Dismiss, filed an Amended Complaint. Thereafter, Defendants filed a Motion

to Dismiss the Amended Complaint. For the reasons that follow, I will grant Defendants'

Motion to Dismiss as to the borough council members, former Mayor Daugherty and

Defendant Kokolus. I will also grant the motion as to Counts IV and V of the Amended

Complaint. I will deny Defendants' Motion to Dismiss as to all remaining claims. In

addition, I will grant Plaintiff's Motion to for Leave to File a Second Amended

Complaint as to proposed paragraphs 39 to 48 and 74 and I will deny Plaintiff's Motion

as to proposed paragraphs 89 and 111 to 116.

## II.   __STATEMENT OF FACTS__

Plaintiff brings suit against his employer, the Borough of Nazareth, as well as the

former Mayor Fred Daugherty and Mayor Carl Strye, Police Chief Thomas Trachta,

Police Officer Daniel Troxell, Deputy Chief of Police Randall Miller, Paul Kokolus,

Secretary, Treasurer and Human Resource Office of Defendant Borough, as well as the

borough council members named above, all in their individual and official capacities.

Plaintiff claims that Defendants retaliated against him in violation of the First

Amendment's Petition and Freedom of Speech Clauses, committed Fourteenth

Amendment procedural due process and equal protection damages, and conspired to

commit those constitutional violations.

### III.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007.) A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference tha the defendant is liable for the misconduct alleged." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Iqbal</u>, 556 U.S. at 678.) The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," <u>id.</u> at 210-11, and then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief,'" <u>id.</u> at 211 (quoting <u>Iqbal</u>, 556 U.S. at 679).

The Federal Rules of Civil Procedure state that a "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." F.R.C.P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).

### IV.   <u>DISCUSSION</u>

Defendants move to dismiss the Amended Complaint as failing to state Due Process, First Amendment, or civil conspiracy claims. Defendants also move to dismiss all allegations which arose prior to August 11, 2013, as time-barred. For the reasons that

follow, I will dismiss Plaintiff's Fourteenth Amendment deprivation of Due Process and civil conspiracy claims, and I will dismiss former Mayor Daugherty, Mr. Kokolus, and all of the borough council members from this action. I will also dismiss any claims prior to August 11, 2013 as time-barred. The remainder of Plaintiff's claims will be permitted to remain.

Further, I will grant Plaintiff's Motion for Leave to File a Second Amended Complaint as to Paragraphs 39 to 48 and 74 only, as the additional allegations Plaintiff seeks to include misconstrue the testimony of Chief Trachta and involve occurrences in July and August of 2015 after this matter was commenced.

A. **MOTION TO DISMISS**

1. **CLAIMS ARISING PRIOR TO AUGUST 11, 2013**

Defendants argue that claims for civil rights violations under 42 U.S.C. § 1983 are governed by a two-year statute of limitations, and Plaintiff filed his Complaint on August 11, 2015; therefore, any claims arising before August 11, 2013 must be dismissed. In response, Plaintiff states that his retaliation claims are based upon incidents starting in November of 2013. Accordingly, to the extent Plaintiff may be attempting to assert claims that arose prior to August 11, 2013, those claims are barred by the applicable statute of limitations.[1]

2. **DEPRIVATION OF DUE PROCESS UNDER COUNT IV**

Defendants argue that Count IV of Plaintiff's Amended Complaint (incorrectly designated as the second Count III) alleges a claim for deprivation of Due Process under the Fourteenth Amendment, and that these claims properly arise under the First

---

[1] It is undisputed that both Former Mayor Daugherty and Councilmen Matz resigned from their positions with the borough prior to August 11, 2013. As neither defendant held any position with the borough during the applicable limitations period, they are both dismissed from this action.

Amendment and Count IV should therefore be dismissed. Plaintiff does not argue that this claim is proper and should remain. Accordingly, Count IV is dismissed from Plaintiff's Amended Complaint.

### 3.  CIVIL CONSPIRACY

Count V of Plaintiff's Amended Complaint (incorrectly designated as Count IV) sets forth a claim for civil conspiracy under 42 U.S.C. § 1983. In order to state a claim for civil conspiracy, a plaintiff must show "a combination of two or more persons to do a criminal act, or to do a lawful act by unlawful means or for an unlawful purpose." Swigget v. Upper Merion Township, 2008 WL 4916039, *3 (E.D. Pa. Nov. 17, 2008) (quoting Marchese v. Umstead, 110 F.Supp. 2d 361, 371 (E.D. Pa. 2000). The plaintiff must present evidence of an agreement-a condition without which there could be no conspiracy-as it is "not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Id., 2008 WL 4916039, at *3 (quoting  Eichelman v. Lancaster County, 510 F.Supp.2d 377, 393 (E.D. Pa.2007)).

However, Defendants argue that the application of the intracorporate conspiracy doctrine bars Plaintiff's claims. Under this doctrine, an entity cannot conspire with one who acts as its agent. General Refractories Company v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003). An exception to this doctrine exists when "employees have acted for their sole personal benefit and thus outside the course and scope of their employment." Hefferman v. Hunter, 189 F.3d 405, 412 (3d Cir. 1999). Courts have applied the intra-corporate conspiracy doctrine to municipal defendants. Jenks v. Port Authority of Allegheny County, 2008 WL 3895942 (W.D. Pa., Aug. 20, 2008).

Plaintiff in this matter argues that since his claims were brought against the defendants in their official and **individual** capacities, the intracorporate immunity doctrine does not apply if the official was acting in a personal, as opposed to an official capacity. Plaintiff's Amended Complaint alleges that Defendants, in their roles as borough councilmembers, conspired to retaliate against Plaintiff for his participation in the police union. Further, the Amended Complaint states "Defendant Nazareth condoned, acquiesced to, adopted and participated in the unlawful conduct of the individual Defendants described above." (Compl., ¶ 141.) However, the Amended Complaint does not plead any facts as to the scope of the individual defendants' authority, how their actions exceeded that authority, or what their personal motives were in order to avoid application of the intracorporate conspiracy doctrine. Accordingly, I will dismiss Plaintiff's conspiracy claim. Further, based upon the amount of factual detail contained in Plaintiff's Amended Complaint, as well as Plaintiff's proposed Second Amended Complaint, which failed to include any facts that would allow Plaintiff to avoid the intracorporate conspiracy doctrine, it is clear that Plaintiff cannot plead any facts that would defeat this doctrine. Therefore, Plaintiff's civil conspiracy claim is dismissed with prejudice.

### 4.  KOKOLUS AND TWELVE BOROUGH COUNCILMEMBERS

Defendants assert that Plaintiff's Amended Complaint fails to include any claims against Kokolus, the borough Human Resources representative or the twelve borough councilmembers, Stoudt, Maurek, Kopach, Werner, Donello, Chiavaroli, Matz, Regn, Samus, Colondo, Audenried and Fischl.[2] It is undisputed that a "defendant in a civil

---

[2] It is undisputed that Defendant Matz resigned from the borough council before the applicable limitations period commenced, so he also should be dismissed from this case on that basis.

rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." <u>Rode v. Dellarciprete</u>,845 F.2d 1195, 1207 (3d Cir. 1988). A close review of Plaintiff's extensive, 41 page Amended Complaint shows that is is absolutely devoid of any allegations of personal involvement by Kokolus or the members of the borough council. Accordingly, Defendants' Motion will be granted as to Kokolus and the twelve members of borough council and they will be dismissed as defendants. Further, Plaintiff clearly cannot set forth any facts that would show personal involvement on the part of Kokolus or the borough councilmembers, as evidence by Plaintiff's proposed Second Amended Complaint. Accordingly, their dismissal from this matter is with prejudice.

### 5.  OFFICER TROXELL

Defendants also argues that Plaintiff cannot state a claim as to Officer Troxell and that Officer Troxell is entitled to qualified immunity. I reject both of these arguments.

I find that at this stage of the proceedings, Plaintiff's Amended Complaint is sufficient to plead a claim for retaliation against Officer Troxell. Plaintiff's Amended Complaint sufficiently pleads that Troxell's actions were taken toward Plaintiff because Troxell believed Plaintiff was a spy for the police association union. Further, Plaintiff's Amended Complaint has adequately pled that Troxell's conduct toward Plaintiff was not mere speech, but included sufficient allegations of threats so as to survive a motion to dismiss. Accordingly, I will deny Defendants' Motion to Dismiss as to Officer Troxell.

Further, I find Officer Troxell is not entitled to qualified immunity in this matter. Such immunity shields government officials from "civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

In analyzing whether Troxell is entitled to qualified immunity, I must determine whether

Plaintiff has alleged facts that set forth a violation of a constitutional right and whether

the right at issue was clearly established at the time of Troxell's alleged misconduct. <u>See</u>

<u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009).

A review of Plaintiff's Amended Complaint shows that he has set forth claims

that Troxell retaliated against him, including with threats of violence, for Plaintff's

exercise of his First Amendment rights. It is clearly established that a public employee

has the constitutional right to speak as a citizen on matters of public concern without fear

of retaliation. <u>Doughery v. Sch. Dist. of Phila.</u>, 772 F.3d 979, 987 (3d Cir. 2014).

Accordingly, Plaintiff has pled sufficient facts at this stage of the proceedings to show

that Troxell is not entitled to qualified immunity.

### 6.   FIRST AMENDMENT RETALIATION

First, Defendants argue that Plaintiff's First Amendment retaliation claim must

fail because he complained only about matters involving his own employment. This is

based on the fact that a "public employee's speech is not protected under the First

Amendment unless the speech addresses a matter of public concern." <u>Borough of Duryea</u>

<u>v. Guarnieri</u>, 564 U.S. 379 (2011). Defendants argue that all of the allegations in

Plaintiff's Amended Complaint regarding alleged retaliation were related entirely to

Plaintiff's own job performance. However, a review of Plaintiff's Amended Complaint

shows allegations that Plaintiff was directed "to stop involving the District Attorney's

office, PSP labs, and other police departments when investigating crimes" and "cease

doing anything for the Fraternal Order of Police or Police Association." (Compl., ¶ 52.)

Arguably, these allegations contain matters of public concern; i.e., who is permitted to be involved in investigations done by the police department and whether a borough employee is being prohibited from engaging in union activity. Accordingly, I find Plaintiff's Amended Complaint sufficiently pleads that Plaintiff was retaliated against for expressing matters of public concern.

Next, Defendants argue that Plaintiff's Amended Complaint fails to state a claim for First Amendment retaliation because Plaintiff cannot establish causation, as the period of time between the protected activity and the retaliatory conduct was too great. However, at this stage of the proceedings, it is impossible to determine whether Plaintiff will be able to prove either 1) unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or 2) a pattern of antagonism coupled with timing to establish a causal link. Cooper v. Menges, 541 Fed. Appx. 228, 232 (3rd Cir. 2007). Accordingly, Defendants' argument regarding causation must fail at this time.

### B. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

On June 17, 2016, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. He alleged that the amendment was necessary to include factual averments relating to information brought to light during discovery and to include averments regarding retaliatory treatment that he was subjected to in November of 2015. Specifically, Plaintiff sought to add the following groups of paragraphs. Paragraphs 39-48 of the proposed Second Amended Complaint, which include allegations regarding the alleged anti-union sentiments of all defendants; Paragraph 74, which claims Plaintiff was singled out regarding activity logs because of his participation in union activities,

Paragraph 89, which allegedly summarizes some deposition testimony of Chief Trachta, and Paragraphs 111-116, which discuss events that occurred in July, August and November of 2015 and set forth allegedly retaliatory behavior that Defendants' have engaged in since the filing of the original Complaint in this matter. Defendants opposed this motion.

After a review of Plaintiff's Motion for Leave to File a Second Amended Complaint and Defendants' opposition thereto, and after a thorough review of the proposed Second Amended Complaint, I will grant Plaintiff's motion in part and deny it in part.

Plaintiff's Motion is granted as to paragraphs 39-48 and 74, and denied as to paragraphs 89 and 111-116. I find paragraph 89 to be a misrepresentation of Chief Trachta's deposition testimony and is therefore misleading and improper. I find that paragraphs 111-116 attempt to add allegations regarding an incident that occurred after the original Complaint was filed in this matter, while this case was pending. This incident allegedly occurred in November of 2015 and Plaintiff did nothing to attempt to include it in the instant lawsuit until June of 2016. I find that is undue delay, and therefore, deny the request to include these allegations in a Second Amended Complaint.

I note that despite the fact that I am allowing Plaintiff to amend his pleading to include paragraphs 39 through 48 regarding the alleged anti-union sentiments of the defendants, these additional allegations are not enough to support a case against Kokolus or the twelve members of the borough council. My ruling as to those defendants remains unaffected. These new paragraphs merely set forth allegations of these defendants' state of mind; even with these new paragraphs, Plaintiff's pleading is absolutely devoid of any

allegations that Kokolus or the borough council members ever took any action against Plaintiff or had any personal involvement in the alleged constitutional violations that he suffered.

V.    **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted in part and denied in part.  Further, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted in part and denied in part.